IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL W. SCHILLING,

       Plaintiff,                                    No. CIV S-07-0902 FCD JFM P

  vs.

THERESA SCHWARTZ, Warden, et al.,

       Defendants.

_____/       <u>ORDER</u>

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $8.16 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

1  preceding month's income credited to plaintiff's prison trust account.  These payments will be

2  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's

3  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4          In his complaint, plaintiff contends that his Eighth Amendment rights have been

5  violated by deliberate indifference to his serious medical needs because despite a fracture to his

6  left foot, sustained on September 15, 2005, requiring orders for pain medication, a cast, foot

7  elevation and zero weight-bearing, defendants failed to provide him with a lower bunk chrono.

8  After suffering two subsequent injuries to his left foot which required further medical care and

9  which provided further opportunity for defendants to provide a lower bunk chrono, on October 5,

10 2005, plaintiff fell while attempting to get into his upper bunk, shattering his left ankle.  On

11 October 7, 2005, Dr. Kofoed performed an open reduction and fixation of the fractures, requiring

12 the installation of a metal plate and seven screws into plaintiff's left ankle, and plaintiff contends

13 he suffers from constant pain, walks with a cane, and has had to take pain medication every day

14 since the injury.  (Compl. at 7.)

15          The Civil Rights Act under which this action was filed provides as follows:

16          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
17          deprivation of any rights, privileges, or immunities secured by the
            Constitution . . . shall be liable to the party injured in an action at
18          law, suit in equity, or other proper proceeding for redress.

19 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

20 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

21 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

22 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

24 omits to perform an act which he is legally required to do that causes the deprivation of which

25 complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26 /////

2

1        Moreover, supervisory personnel are generally not liable under § 1983 for the

2   actions of their employees under a theory of <u>respondeat</u> <u>superior</u> and, therefore, when a named

3   defendant holds a supervisorial position, the causal link between him and the claimed

4   constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

5   (9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S.

6   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

7   in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th

8   Cir. 1982).

9        In his complaint, plaintiff names Warden Theresa Schwartz and Dr. Nadim K.

10  Khoury, Deputy Warden of Medical Services as defendants.  (Compl. at 6.)  Plaintiff alleges

11  defendant Schwartz was directly responsible for all staff medical as well as correctional officers

12  and their actions and that Dr. Khoury was responsible for any and all medical staff.  (<u>Id.</u>)

13  However, plaintiff has failed to allege personal involvement of these defendants, charging them

14  solely in their supervisorial capacities.  Accordingly, the court will not order service of process

15  on defendants Schwartz and Dr. Khoury.

16       In his complaint, plaintiff also names Mr. Champion, Medical Administration,

17  Nursing, and Dr. P. Usha Pai as defendants.  Plaintiff states that while plaintiff was in B-1 Clinic

18  after his October 5, 2005 injury, Mr. Champion met with plaintiff and plaintiff informed him he

19  had been housed in an upper bunk since the September 15, 2005 injury.  (Compl. at 7.)  Plaintiff

20  states that shortly after Mr. Champion met with plaintiff, Mr. Champion met with Dr. Pai, and

21  went over plaintiff's medical records.  (Id.)  Shortly thereafter, a medical chrono for lower bunk

22  was dictated on October 5, 2005.  (<u>Id.</u>)  Plaintiff contends that if the medical chrono had been

23  dictated on September 15, 2005, the shattering of his ankle would not have happened on October

24  5, 2005.

25       "The government has an obligation under the Eighth Amendment to provide

26  medical care for those whom it punishes by incarceration."  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1131

3

1  (9th Cir. 2000).  "But not every breach of that duty is of constitutional proportions.  In order to

2  violate the Eighth Amendment proscription against cruel and unusual punishment, there must be

3  a 'deliberate indifference to serious medical needs of prisoners.'"  Lopez, 203 F.3d at 1131

4  (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).

5          A medical need is "serious" "if the failure to treat the prisoner's condition could

6  result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  McGuckin

7  v. Smith, 974 F.2d ,1050, 1059 (9th Cir. 1991) (quoting Estelle, 429 U.S. at 104).  Examples of

8  indications of a serious medical need include "[t]he existence of an injury that a reasonable

9  doctor or patient would find important and worthy of comment or treatment; the presence of a

10 medical condition that significantly affects an individual's daily activities; or the existence of

11 chronic and substantial pain."  McGuckin, 974 F.2d at 1059-60.

12         Deliberate indifference to a medical need is shown when a prison official knows

13 that an inmate has a serious medical need and disregards that need by failing to respond

14 reasonably to it.  See Farmer v. Brennan, 511 U.S. 825 (1994).  "[A] prison official cannot be

15 found liable under the Eighth Amendment for denying an inmate humane conditions of

16 confinement unless the official knows of and disregards an excessive risk to inmate health or

17 safety; the official must both be aware of facts from which the inference could be drawn that a

18 substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

19         Plaintiff's allegations as to Dr. Pai and Mr. Champion do not state a claim of

20 deliberate indifference.  Rather, they demonstrate that Mr. Champion noted plaintiff's serious

21 medical need for a lower bunk and immediately met with Dr. Pai to obtain the medical chrono

22 for a lower bunk.  Plaintiff confirmed that the medical chrono for the lower bunk was dictated on

23 October 5, 2005.  These facts, without more, fail to demonstrate that either Dr. Pai or Mr.

24 Champion were deliberately indifferent to plaintiff's serious medical needs.  While it may be true

25 that plaintiff might not have suffered a fractured ankle had a medical chrono for a lower bunk

26 been dictated on September 15, 2005, plaintiff has not alleged any facts suggesting that either Dr.

4

Pai or Mr. Champion were aware of plaintiff's injury sustained on September 15, 2005 and were deliberately indifferent thereto. Accordingly, the court will not order service of process on Dr. Pai or Mr. Champion.

However, as to the remaining defendants, the complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $8.16. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Service is appropriate for the following defendants: Dr. Joseph Bick, Chief Medical Officer, Dr. McAllister, Dr. Ohai, Dr. Haile, R.N. Coy, RN Rosalia, RN Regacho, Dalisay Tayo-Samoni, Nurse Practitioner, Dr. John Kofeod, Correctional Officer Shelton, Correctional Officer N. Zepeda, Sgt. Thomas, Housing Sgt., and Sgt. Murray, Housing Sgt.

4. The Clerk of the Court shall send plaintiff 13 USM-285 forms, one summons, an instruction sheet and a copy of the complaint filed May 14, 2007.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

a. The completed Notice of Submission of Documents;

b. One completed summons;

c. One completed USM-285 form for each defendant listed in number 3 above; and

/////

5

d.  Fourteen copies of the endorsed complaint filed May 14, 2007.

6.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: May 22, 2007.

UNITED STATES MAGISTRATE JUDGE

/001; schi0902.1

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARRYL W. SCHILLING,

11          Plaintiff,                        No. CIV S-07-0902 FCD JFM P

12      vs.

13   THERESA SCHWARTZ, Warden, et al.,        NOTICE OF SUBMISSION

14          Defendants.                       OF DOCUMENTS

15   _____/

16          Plaintiff hereby submits the following documents in compliance with the court's

17   order filed _____:

18              _____    completed summons form

19              _____    completed USM-285 forms

20              _____    copies of the _____
                                        Complaint
21   DATED:

22

23                                       _____
                                         Plaintiff
24

25

26