1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8    DARRYL W. SCHILLING,

9              Plaintiff,                    No. CIV S-07-0902 FCD JFM P

10        vs.

11   THERESA SCHWARTZ, Warden, et al.,

12             Defendants.

13   _____/          ORDER

14        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil

15   rights action pursuant to 42 U.S.C. § 1983.  On November 6, 2007, plaintiff filed a motion to

16   amend, along with a proposed amended complaint.  Plaintiff seeks leave to add Correctional

17   Counselor CCI Caravello as a defendant herein.

18        Once an answer has been filed, a party may amend a pleading only by leave of

19   court or by written consent of the adverse party.  See Fed. R. Civ. P. 15(a).  An answer was filed

20   on September 24, 2007.

21        The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

                                    1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7   Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint, or portion thereof, should only be dismissed for failure to state a

9   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

11  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

12  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

13  a complaint under this standard, the court must accept as true the allegations of the complaint in

14  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

15  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

16  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17    The charging allegations against defendant Caravello state:

18    I spoke to my counselor, CCI Caravello, she said there was nothing
      she could do.  [¶]  She said she had no control over getting me
19    moved into a lower bunk.  But she made some phone calls trying to
      get me a temporary wheelchair because the crutches were not
20    working.

21  (Proposed Amended Complaint at 5-6.)  As noted in this court's October 24, 2007 order, these

22  allegations fail to state an Eighth Amendment claim.  (October 24, 2007 Order at 1-2, n.1.)

23  Because these allegations are insufficient to state a cogizable § 1983 claim, plaintiff's motion to

24  amend will be denied without prejudice.

25    On November 6, 2007, plaintiff filed a motion for sanctions under Fed. R. Civ. P.

26  11(c)(1)(A)(2).  On November 15, 2007, plaintiff filed a supplemental affidavit in support of that

1  motion.  Plaintiff contends that Correctional Officer Mendoza confiscated paper clips from

2  plaintiff then falsely accused plaintiff of turning over a razor blade and charged plaintiff with a

3  prison disciplinary for having a weapon in his cell, allegedly in retaliation for plaintiff's

4  prosecution of the instant action.  Plaintiff alleges that on November 3, 2007, Correctional

5  Officer Mendoza escorted plaintiff to the shower and told plaintiff he "could make all this go

6  away."[1]  (Id. at 1.)

7          Plaintiff is advised that this court has no jurisdiction to order sanctions against

8  Correctional Officer Mendoza, who is not named as a defendant herein.  Plaintiff has not alleged

9  a violation of Fed. R. Civ. P. 11(a) or 11(b), which is required to obtain the sanctions provided

10  for in Fed. R. Civ. P. 11(c)("If, after notice and a reasonable opportunity to respond, the court

11  determines that subdivision (b) has been violated, the court may, subject to the conditions stated

12  below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated

13  subdivision (b) or are responsible for the violation.")  Accordingly, plaintiff's motion for

14  sanctions will be denied.[2]

15          Plaintiff also asks for a copy of the local rules as his copy was confiscated by

16  prison officials.  Plaintiff's request will be granted.

17          On October 18, 2007, plaintiff filed a motion for an order directing prison

18  officials to allow plaintiff to interview witnesses and obtain declarations.  Plaintiff contends that

19  he was placed in administrative segregation on August 16, 2007, which makes it difficult to

20

21          [1]  An allegation of mere threats alone fails to state a claim of cruel and unusual
punishment under the Eighth Amendment.  Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987); see

22  Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (neither verbal abuse nor the use of
profanity violate the Eighth Amendment).

23          [2]  On November 5, 2007, plaintiff wrote a letter concerning his alleged wrongful
placement in administrative segregation as well as the alleged false disciplinary.  Plaintiff is

24  advised that he must first raise these challenges through the prison's administrative grievance
process.  42 U.S.C. § 1997e(a); Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion must

25  precede the filing of the complaint; compliance with the statute is not achieved by satisfying the
exhaustion requirement during the course of an action.  McKinney v. Carey, 311 F.3d 1198, 1199

26  (9th Cir. 2002); see also Porter v. Nussle, 534 U.S. 516, 524 (2002).

1   obtain statements or declarations from witnesses who may be housed in the general population.

2   However, on October 23, 2007, plaintiff filed two declarations; one declaration by Billy

3   Blackmon, who lived on H-1 housing wing at the same time as plaintiff and another by plaintiff's

4   former cellmate, Christopher Rubiales.  Thus, it appears plaintiff's October 18, 2007 request is

5   moot and will be denied.

6           Finally, on November 15, 2007, plaintiff filed a request for extension of the

7   discovery deadline.  Good cause appearing, the discovery deadline will be extended by sixty

8   days.  No further extensions of time will be granted.

9           In accordance with the above, IT IS HEREBY ORDERED that:

10           1.  Plaintiff's November 5, 2007 motion for leave to file an amended complaint is

11   denied without prejudice.

12           2.  Plaintiff's November 6, 2007 motion for sanctions and November 15, 2007

13   supplemental motion for sanctions are denied.

14           3.  The Clerk of the Court is directed to send plaintiff a copy of the court's local

15   rules.

16           4.  Plaintiff's October 18, 2007 request is denied.

17           5.  Plaintiff's November 15, 2007 request for extension is granted; the January 25,

18   2008 discovery deadline is extended to March 25, 2008.

19   DATED:  November 28, 2007.

20

21

22   UNITED STATES MAGISTRATE JUDGE

23   /001; schi0902.mta

24

25

26

4